**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| DERRICK HARVEY, | ) |
|        Plaintiff, | ) |
| v. | )    No. 4:21 CV 1507 MTS |
| CITY TOW, | ) |
|        Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the application of self-represented plaintiff Derrick Harvey to proceed in the district court without prepaying fees and costs. Having reviewed the application and the financial information submitted in support, the Court will grant the application. Additionally, for the reasons discussed below, the Court will dismiss without prejudice plaintiff's 42 U.S.C. § 1983 complaint brought against defendant City Tow.

**Legal Standard on Initial Review**

This Court is required to review a complaint filed *in forma pauperis*, and must dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly*,

550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).

**The Complaint**

Plaintiff brings this action against defendant City Tow arising out of the towing and eventual auctioning off of plaintiff's 2007 Range Rover. Based on the address that plaintiff has listed for City Tow—7410 Hall Street, St. Louis, Missouri—the Court will presume defendant is the City of St. Louis Towing Division which is located at this address. *See* Towing Division, *https://www.stlouis-mo.gov/government/departments/street/towing/index.cfm* (last visited Apr. 27, 2022).

As a threshold issue, plaintiff does not allege the basis for jurisdiction of this Court. Although the citizenship of the parties is not alleged or indicated on the civil cover sheet, it appears the parties are not diverse. Thus the Court would not have jurisdiction based on diversity of citizenship. Plaintiff lists no federal statue, treaty, or provision of the United States Constitution at issue, and sues no federal official or agency. On plaintiff's civil cover sheet, however, he indicates

that his case presents a federal question. For this reason the Court will construe plaintiff's complaint liberally as a suit under 42 U.S.C.§ 1983 for violation of plaintiff's rights under the Fourth and Fourteenth Amendments for defendant's alleged towing, storing, and selling of plaintiff's vehicle without plaintiff's consent.

Plaintiff states that on December 29, 2020, his 2007 Range Rover was towed. Plaintiff reported the car missing, but was informed "that the car was committed in a crime on December 29, 2020. The car was impounded to City Tow with a hold on it." Doc. [1] at 5. Plaintiff states that because the sergeant in charge of the investigation was on vacation, it took two weeks for the sergeant to release the hold. Plaintiff then talked to an unnamed supervisor and the supervisor's boss, but they would not release the car. Plaintiff states that he filed a "declaration of judgment" on January 26, 2021. "City Tow was informed on Feb. 9 that judgment was in process. On Feb. 26, judgment was granted, purchased plates, however, city tow illegally auctioned off car." *Id.* For relief, plaintiff seeks compensation for his car, but he does not specify any amount.

**Discussion**

A local governing body can be sued directly under 42 U.S.C. § 1983. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). However, a municipality cannot be held liable merely because it employs a tortfeasor. *A.H. v. City of St. Louis, Mo.*, 891 F.3d 721, 728 (8th Cir. 2018) ("In an action under § 1983, a municipality…cannot be liable on a respondeat superior theory"). Rather, to prevail on this type of claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). Simply put:

"Municipalities like St. Louis may be held liable under § 1983 only if the alleged constitutional violation was caused by an action pursuant to official municipal policy of some nature." *Meier v. City of St. Louis, Mo.*, 934 F.3d 824, 828 (8th Cir. 2019) (internal quotations omitted).

Here plaintiff does not allege that any written policy or unwritten custom of the City of St. Louis was unconstitutional and resulted in the seizure and sale of his vehicle. Nor can the Court infer based on the factual allegations that any written policy or unwritten custom was to blame for the seizure of the vehicle. Because plaintiff has made no allegations regarding an unconstitutional policy or custom of the City of St. Louis Towing Division, plaintiff cannot state a claim against this entity for liability under § 1983 as a matter of law. *See Meier v. City of St. Louis, Mo.*, 934 F.3d at 828. For this reason, plaintiff's complaint against the defendant City Tow will be dismissed on initial review.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepaying fees and costs is **GRANTED**. Doc. [2].

**IT IS FURTHER ORDERED** that plaintiff's claims against defendant City Tow are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED as moot**. Doc. [3].

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 28th day of April , 2022.

      MATTHEW T. SCHELP
      UNITED STATES DISTRICT JUDGE